NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES ANDREW WILLIAMS,

            Petitioner - Appellant,

    v.

STUART J. RYAN; CALIFORNIA
DEPARTMENT OF CORRECTIONS,

            Respondents - Appellees.

No. 10-56605

D.C. No. 3:05-cv-00737-WQH-WMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted February 15, 2012
Pasadena, California

Before: PREGERSON, HAWKINS, and BEA, Circuit Judges.

    Charles Andrew Williams ("Williams") appeals the district court's denial of

his petition for a writ of habeas corpus. Williams alleges on appeal that he is

entitled to an evidentiary hearing, that his trial and appellate counsel provided

ineffective assistance, and that his 50-year sentence for two counts of murder and

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

thirteen counts of attempted murder constitutes cruel and unusual punishment in violation of the Eighth Amendment and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 2254, and affirm.

Where a state court summarily denies a habeas petition by issuing a one-line disposition, as the California Supreme Court did here, a federal court must nonetheless afford § 2254(d)(1) deference to that disposition under the Antiterrorism and Effective Death Penalty Act. *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

The district court did not abuse its discretion in denying Williams an evidentiary hearing, since "review under 2254(d)(1) is limited to the record that was before the state court that adjudicated the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011). And the California Supreme Court was not objectively unreasonable in determining that Williams's trial and appellate counsel was not objectively deficient or, even if deficient, did not prejudice Williams, nor was it objectively unreasonable in determining that Williams's sentence did not violate the Eighth Amendment's prohibition on cruel and unusual punishments, applicable to the states though the Fourteenth Amendment. **AFFIRMED.**